IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David Leon James; and his Minor Children,<br><br>                Plaintiff,<br><br>vs.<br><br>Capital Growth Corporation,<br>Carol Dixon,<br><br>                Defendants. | Civil Action No. 6:15-2375-GRA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

      The "lead" plaintiff, David Leon James, is a resident of an apartment complex in Greenville, South Carolina. He has brought suit on behalf of himself and his minor children against a real estate management company and an employee of that company for alleged violations of the Fair Housing Act.

      In the "Statement of Claim" portion of the complaint, plaintiff James contends that notices restricting the activities of children violate the Fair Housing Act. Specifically, plaintiff James alleges that "[s]ometime around December 2012 or January 2013 the defendant sent letters to the residents of The Fairhill and Fairmeadows apartment community that children are not allowed to ride their bikes, scooters, big wheels, etc. on the property" (doc. 1 at 4). On May 21, 2013, another notice was sent out to residents reminding them that children were not allowed to ride bikes and scooters through the Fairhill property (*id*.). On June 11, 2013, "another threatening letter" was sent to residents apprising them that use of bikes and scooters was prohibited, that residents were responsible for ensuring that their children or guests were not riding bikes, scooters, and

big wheels anywhere in the Fairhill community, and that fines and eviction could be imposed (*id*.). On June 9, 2014, another notice was sent to residents advising them that children were interfering with Greenville Sanitation trash pick-up and directing residents to make sure children are supervised "for the safety of all" (*id*.). On October 10, 2014, residents received another notice advising them that "they have received numerous calls over the last several weeks regarding children out on the property unattended and unsupervised." In this letter, the defendant encouraged residents to contact the "Greenville County Police department and or the Department of Social Services and to provide them with as many details as possible" and to take pictures (*id*.) Another letter was sent on June 19, 2015, "advising [residents] that they were retracting the rules with some provisions" and apprising the recipients that the "child restrictive rules" had been adopted "years ago" for the safety of residents and the protection of property (*id*.).

In his prayer for relief, plaintiff David Leon James requests that this court: (1) declare that the defendants' discriminatory practices violate the Fair Housing Act (*id*. at 6); (2) declare that the defendants have engaged in a pattern of discrimination, in violation of the Fair Housing Act (*id*.); (3) order Fair Housing training for the defendants (*id*.); (4) award civil penalties against the defendants to "vindicate" the public interest (*id*.); and (5) award "such monetary damages to fully compensate each identifiable victim harmed" by the defendants' discriminatory practices (*id*.).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff, David Leon James, is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject

to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Both federal courts and state courts have concurrent jurisdiction over claims under the Fair Housing Act. *See* 42 U.S.C. § 3613(a)(1)(A) (allowing an aggrieved person to bring a Fair Housing Act claim in either federal district court or state court). The Fair Housing Act, 42 U.S.C. § 3601 *et seq*., prohibits racial discrimination in the leasing or rental of property. The Fair Housing Act also provides that it shall be unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling because of race. *See* 42 U.S.C. § 3604(b).

To show a prima facie case of discrimination under the Fair Housing Act, a plaintiff must demonstrate that the housing action or practice being challenged was either motivated by a discriminatory purpose or had a discriminatory impact. *See Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 986 (4th Cir. 1984) (discussing racial discrimination under the FHA). The complaint contains no facts to indicate that the defendants have taken any action to interfere with David Leon James' ability to exercise his rental property rights. The complaint does not allege facts (as opposed to the plaintiff's conjecture) that the notices issued by the defendants were motivated by a discriminatory purpose or that any of the notices has had a discriminatory impact. A federal district court is not required to develop tangential claims from scant assertions in a complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). Although plaintiff James is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must nevertheless allege facts that support a claim for relief. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The allegations relating to the supervision of children and the prohibition on the use of bikes, scooters, and big wheels are insufficient to support a claim

3

under the Fair Housing Act.  *See Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (prisoner case: affirming a district court's dismissal of a plaintiff's suit as frivolous where allegation was conclusory on its face); and *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (a plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"), which are cited in *Norman v. Fitzsimmons*, Civil Action No. 8:12-2972-JMC-BM, 2012 WL 6018706, at *2 (D.S.C. Nov. 7, 2012) (recommending summary dismissal of case purportedly brought under Fair Housing Act), *adopted by* 2012 WL 6018704 (D.S.C. Dec. 3, 2012).

Moreover, in the absence of the actual imposition of fines or an eviction, *see Major v. Housing Auth. of City of Greenville*, Civil Action No. 6:12-cv-00183-GRA-KFM, 2012 WL 5238518, at *1–4 (D.S.C. Oct. 23, 2012), this case is not yet ripe.  *Ostergren v. Cuccinelli*, 615 F.3d 263, 287–88 (4th Cir. 2010).  The Supreme Court of the United States has noted that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements."  *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985); *see also Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006).  Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all.  *Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 199–201 (1983); *see also Dames & Moore v. Regan*, 453 U.S. 654, 689 (1981); and *Smith v. United States*, Civil Action No. 6:08-0203-CMC-WMC, 2008 WL 906699, at *3 (D.S.C. Apr. 1, 2008) ("Ripeness is, thus, a question of timing.").

Furthermore, David Leon James, as a *pro se* litigant, cannot bring suit on behalf of his own minor children or on behalf of other minor children and families at his apartment complex.  *Pro se* litigants may not represent corporations, unincorporated associations, estates, partnerships, or minor children in federal court, *see Days Inn Worldwide, Inc. v. JBS, Inc.*, No. 4:08-cv-1771-TLW-TER, 2010 WL 625391, at *2 (D.S.C.

Feb. 19, 2010), even if the *pro se* litigant has been given a power-of-attorney. *See Securities & Exch. Comm'n v. White*, Civil Action No. 8:11-944-HMH-KFM, 2011 WL 1544202, at *3-4 (D.S.C. Apr. 22, 2011) (noting that even if family member holds power of attorney for party, non-lawyer cannot represent *pro se* party without violating law regarding unauthorized practice of law); and *Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant"); *cf*. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* litigant cannot be an advocate for others in a class action).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The attention of David Leon James is directed to the important Notice on the next page.

June 15, 2015                                                    Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The "lead" plaintiff, David Leon James, is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

**Notice of Right to File Objections to Report and Recommendation**

The "lead" plaintiff, David Leon James, is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).