UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Leon James and his Minor Children, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Capital Growth Corporation and Carol Dixon, )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 6:15-cv-02375-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) D.S.C., and filed on June 15, 2015.  ECF No. 12.  For the reasons discussed herein, this Court adopts the Magistrate Judge's recommendation in its entirety and summarily dismisses this case without prejudice and without service of process.

### Background

Plaintiff David Leon James ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 3601 *et seq.* on June 11, 2015, alleging that the Defendants committed several violations of the Fair Housing Act.  ECF No. 1.  Plaintiff was granted leave to proceed *in forma pauperis*.  ECF No. 10.  Under established procedure in this judicial district, Magistrate Judge McDonald made a thorough and careful review of the Complaint and now recommends that this Court summarily dismiss this case without prejudice and without service of process.  ECF No. 12.

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a district court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this

Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The failure to file objections to the Report and Recommendation waives any further right to appeal when the parties have been warned that they must object to preserve appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (unpublished per curiam decision). In the present case, Plaintiff received a copy of the Report and Recommendation, which contained a "Notice of Right to File Objections to Report and Recommendation." ECF Nos. 12 & 13. The Notice warned that "[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of

the right to appeal from a judgment of the District Court based upon such Recommendation." *Id.* The deadline for filing objections was July 2, 2015. *See id.* The Plaintiff filed a timely objection to the magistrate's Report and Recommendation on July 2, 2015. ECF No. 16. Accordingly, the Court will address this objection.

## **Discussion**

As stated above, this Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a district court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), and a *pro se* litigant is still required to plead sufficient facts in the Complaint to demonstrate that a cause of action exists. The Magistrate Judge has recommended that this Court dismiss Plaintiff's Complaint for his failure to state a claim against each of the Defendants. Specifically, the Magistrate concludes (1) that Plaintiff has failed to show a prima facie case of discrimination under the Fair Housing Act and (2) the case is not yet ripe because no fines or eviction proceedings have yet been imposed upon the Plaintiff. ECF No. 12 at 3, 4.

Even as liberally construed, it appears that Plaintiff is attempting to use his Objections to correct the facial defects in his original complaint. *See* ECF No. 16. In so objecting, Plaintiff acknowledges that his Complaint is defective and insufficient when he states that "…it seems that I failed to explain how [these facts] affected us." *See* ECF No. 16 at 1. In his objections, Plaintiff rehashes and supplements the allegations that he made in his complaint, adding many new facts that were not

previously alleged, by explaining that he simply would like to "provide more clarity." ECF No. 16 at 1.

It is well-settled law that the Court may only consider objections to the Report and Recommendation that direct it to a specific error in the Magistrate Judge's R&R. *See Backus v. Cox,* Civil Action No. 4:13-cv-00881-RBH, 2013 WL 5707328, at *1 (D.S.C. Oct. 18, 2013); *United States v. Schronce,* 727 F.2d 91, 94 n. 4 (4th Cir. 1984); *Wright v. Collins,* 766 F.2d 841, 845-47 nn. 1-3 (4th Cir. 1985). Objections must be to "the proposed findings and recommendations" of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C). Plaintiff cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendants Capital Growth Corporation and Carol Dixon (*citing Backus v. Cox,* 2013 WL 5707328, at *2).

Here, however, this is exactly what the Plaintiff is doing. Rather than explaining how the facts he alleged in his complaint do in fact give rise to a cognizable claim, Plaintiff proceeds to assert new facts that were not raised in his complaint. An objection filing is not the proper vehicle to allege facts not previously included in the complaint. Additionally, a Plaintiff's objections cannot be used to cure an otherwise defective complaint. *See Martin v. Brackett,* Civil Action No. 0:12-cv-00054-RBH, 2012 WL 2501094 (June 28, 2012). Accordingly, as Plaintiff's objections merely evince an intent on his part to cure the defects of his Complaint, rather than refuting a specific finding in the Magistrate Judge's Report and Recommendation, this Court finds that Plaintiff's objections are improper and without merit. Therefore, Plaintiff's objections are overruled.

**Conclusion**

After a thorough review of the record, including Plaintiff's Complaint, the R&R, and objections to the R&R, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law.  Plaintiff's Complaint fails to allege sufficient facts to make out a cognizable cause of action against the Defendants.  In addition, Plaintiff's attempt to utilize his Objections to cure the defective complaint by pleading additional facts is improper.  Accordingly, the Court hereby overrules Plaintiff's objections and accepts and adopts the Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is SUMMARILY DISMISSED WITHOUT PREJUDICE AND WITHOUT SERVICE OF PROCESS.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August  17 , 2015
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its

entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.